IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

VICTORIA DIVISION

| | | |
|---|---|---|
| ANTONIO SEPEDA, #469585, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-13-083 |
| | § | |
| WILLIAM STEPHENS, Director of | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent | § | |

## OPINION AND ORDER

Before the Court, with the consent of the parties, is Respondent William Stephens' Answer with Brief in Support (Dkt. No. 10), which the Court previously converted to a Motion for Summary Judgment. (Dkt. No. 13). Petitioner Antonio Sepeda filed a response (Dkt. No. 20), Respondent filed a reply (Dkt. No. 22) and Petitioner then filed a "Rebuttal Argument." (Dkt. No. 25). After reviewing the pleadings, the motion for summary judgment, the response, the reply, and the rebuttal thereto, the state court records and the applicable law, the Court issues this Opinion and Order.

## I. BACKGROUND

The State has custody of Petitioner pursuant to a judgment and sentence entered in 1987 by the 24th Judicial District Court of DeWitt County, Texas, and a judgment and sentence entered in 2010 by the 405th Judicial District Court of Galveston, Texas. (Dkt. No. 10, Ex. A).

1

According the state court records, in Cause Nos. 879-7650 and 877-7635, Sepeda pled guilty to the felony of burglary of a habitation and robbery and, on December 1, 1987, he was sentenced to forty years imprisonment. Sepeda was released from prison and placed on parole on August 11, 1993. A pre-revocation arrest warrant was issued for Sepeda and, following his arrest, his parole was revoked on August 11, 1993. Sepeda was released to mandatory supervision on March 31, 2006. On October 14, 2009, Sepeda was charged the third degree felony offense of violating a protective order. A pre-revocation warrant of arrest was also issued on that date for Sepeda and the warrant was executed on October 20, 2009, in Galveston County, Texas. Sepeda pled guilty to the charges and on October 15, 2010, he was sentenced to an 8 year prison term, which began on October 14, 2009. As a result of the 2009 conviction, Sepeda lost, in addition to street-time credit, the opportunity to be released to mandatory supervision before October 10, 2017.[1]   On November 18, 2010, Sepeda's mandatory supervision was revoked and he was later transferred to prison on November 30, 2010.

The records before the Court also reflect that Sepeda filed a state habeas application on February 10, 1997, challenging the revocation of his parole in 1994. On July 4, 2013, Sepeda sought to supplement his 1997 application by filing another state habeas application challenging time-credit issues that occurred after the revocation of his mandatory supervision in 2009.

---

[1] The Court pauses to note that as a consequence of his 2010 conviction, Sepeda is not eligible for mandatory supervision with respect to the conviction for violation of a protective order for which he received an eight (8) year sentence based on the law in effect at the time of that offense. TEX.GOV'T CODE §508.149(a)(11) & (13). In addition, under Texas law, Sepeda is not eligible for release on mandatory supervision with regard to his other sentences as long as he is serving the eight year sentence for violation of a protective order, which is an ineligible sentence. *See id.*; *Ex parte Alexander*, 861 S.W.2d 921, 923-24 (Tex.Crim.App. 1993) (holding that an inmate serving concurrent sentences, where one sentence is eligible for mandatory supervision and one is not, is not eligible for release until he discharges the ineligible sentence or is paroled).

2

Sepeda's state habeas applications were denied without written order by the Texas Court of Criminal Appeals on October 16, 2013.

Finally, the records reflect that on February 3, 2012, Sepeda filed his first federal habeas petition challenging his 2009 conviction for violation of the protective order based on the ground that his plea agreement was entered involuntarily and on the ground that he received ineffective assistance of counsel. *See Sepeda v. Thaler*, Civil Action No. 3:12-CV-042 (S.D.Tex. 2013).

On November 9, 2013, Sepeda filed the instant writ of habeas corpus under 28 U.S.C. §2254. In this petition, Sepeda is not challenging his convictions. Instead, Sepeda claims that he is entitled to federal relief based on the following two grounds: (1) his "time slips show the miscalculated flat-time pertaining to [his] judgment and sentencing" and he asserts that a "total of 2 years is missing"; and (2) the "[t]rial court erred on not holding a proper hearing on the mandatory supervision laws." (Dkt. No. 1 at 6). In response to his petition, Respondent argues that Sepeda's writ is successive because his claims could have (and should have) been brought in his prior federal writ. (Dkt. No. 10 at 7-11). Alternatively, Respondent argues that Sepeda's claims are time barred and, even if they were not, his claims have no merit. (*Id.* at 11-19).

## II. DISCUSSION

Title 28 U.S. §2244(b)(3)(a) divests jurisdiction from the district courts with regard to second or successive petitions for habeas corpus filed pursuant to §2254 and provides that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S. §2244(b)(3)(a).

A habeas corpus petition is not successive, however, just because it follows a previous

3

petition. *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998). Rather, a subsequent application is "second or successive" when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Id.*; *see also United States v. Orozco–Ramirez*, 211 F.3d 862, 867 (5th Cir.2000). A challenge to the administration of computation of a sentence may be considered successive when the factual basis of the latter petition existed at the time of the first petition. *Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003).

The claims raised by Sepeda meet the criteria for successiveness. The record reflects that Sepeda was aware of the time credit issue when he was transferred back to TDCJ-CID custody on November 30, 2010, or, at the latest June 10, 2011, when he alleged in his state application that there was a discrepancy in his time slips from December 1, 2010 and June 10, 2011.[2] Moreover, the recalculation and delayed release to mandatory supervision were established upon Sepeda's conviction in 2010 for violating the protective order.[3] Sepeda was not only charged with knowledge of this fact,[4] but the record also establishes that he actually knew of the factual predicate for his claims before he filed his first federal petition.[5] The fact that the claims might not have been exhausted at the time, does not excuse him from seeking this recourse. *See McGary*

---

[2] *Ex parte Antonio Sepeda*, WR-34,095-22 at 100, 108.

[3] Sepeda's 2010 conviction triggered the application of the amended statute and his prior convictions for burglary and robbery disqualified him from release to mandatory supervision with regard to the 2010 conviction. TEX.GOV'T CODE §508.149(a)(11), (13).

[4] *See Herbst v. Scott*, 42 F.3d 902, 906 (5th Cir. 1995) (applying constructive knowledge standard to petitioner).

[5] *Supra* note 2.

4

*v. Scott*, 27 F.3d 181, 184 (5th Cir. 1994).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires that a prisoner must seek permission from the appropriate court of appeals before he can file a successive petition. 28 U.S.C. § 2244(b)(3)(A). Sepeda has not done so. Unless or until Sepeda receives permission from the United States Court of Appeals for the Fifth Circuit authorizing the filing of his second petition for writ of habeas corpus, this Court has no jurisdiction to consider same. *Crone v. Cockrell*, 324 F.3d 833, 844 (5th Cir. 2003).[6]

## CONCLUSION

Accordingly, it is hereby, **ORDERED AND ADJUDGED** that:

1)      Respondent's converted Motion for Summary Judgment (Dkt. No. 10) is **GRANTED**, but only insofar as it seeks dismissal as a successive petition; and

2)      the Petition for a Writ of Habeas Corpus of Antonio Sepeda (Dkt. No. 1) is **DISMISSED** for lack of jurisdiction as a successive petition.

**DONE** at Galveston, Texas, this ____5____ day of May, 2014.

JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE

---

[6] The Court pauses to note that even if Sepeda's writ were not successive, his claims certainly appear to be time barred. 28 U.S.C. § 2244(d). However, absent jurisdiction, the Court refrains from making any such determination. Nor can the Court properly consider Respondent's argument that Sepeda's claims lack merit. *See Kutzner v. Cockrell*, 303 F.3d 333, 338 (5th Cir. 2002).